## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

**FREDERICK FELICIEN,**

**Plaintiff,**

-against -

**UNITED STATES OF AMERICA, WORKMEN'S CIRCLE MULTICARE CENTER, MICHAEL VITTI, M.D., MOHAMED MUSSA, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C. and NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL,**

**Defendants.**
---------------------------------------------------------------------------X

Docket No.:
**1:20-cv-10561**

__**COMPLAINT**__

**JURY TRIAL DEMANDED**

Plaintiff, **FREDERICK FELICIEN**, by his attorneys, MERSON LAW, PLLC, complaining of defendants, respectfully show to this Court and allege, as follows:

### INTRODUCTION, JURISDICTION AND VENUE

1.      This is a personal injury, negligence and medical malpractice action brought on behalf of plaintiff **FREDERICK FELICIEN** against defendants **UNITED STATES OF AMERICA, WORKMEN'S CIRCLE MULTICARE CENTER, MICHAEL VITTI, M.D., MOHAMED MUSSA, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL**, for the failure to properly monitor, diagnose and/or treat gangrene, failing to timely and/or properly revascularize the left leg, failing to adequately revascularize the left leg when revascularization was performed, failing to timely and/or properly monitor the left leg, improper and premature discharge, failing to timely and/or properly assess and/or monitor segmental pressures among other departures from the good and accepted medical practice. Due to defendants' failure to render medical care and treatment in accordance with good and accepted medical practice, plaintiff **FREDERICK FELICIEN** required many repair

surgeries, an above the knee amputation, therapies and treatments, and has suffered substantial pain and suffering, as set forth below.

2.       This action, in part arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b) 2671-2680.  This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b). Jurisdiction is appropriate in this Court insofar as a Federal Question is presented under the Federal Tort Claims Act.

3.       If the defendant **UNITED STATES OF AMERICA** were a private individual, based on the facts alleged herein, it would be liable to the plaintiff in accordance with the laws of the State New York.

4.       The claim set forth herein was presented to the Department of Veteran Affairs on January 23, 2020 by mailing a standard Form 95, as required by 28 C.F.R. 14.2 for damages in amount of $20,000,000.00. On or about February 4, 2020, defendant **UNITED STATES DEPARTMENT OF VETERAN AFFAIRS**, by Emmanuel Maniwang, legal assistant, Office of General Counsel, acknowledged receipt of the perfected claim. Therefore, all prerequisites for commencement of an action against defendant **UNITED STATES OF AMERICA** have been complied with and completed. In addition, the negligence complained of occurred on or about January of 2018 and there is a period of continuous treatment to on or about March 30, 2018 and thereafter. In response to the novel Coronavirus heath crisis, New York State Governor, Andrew M. Cuomo issued Executive Order 202.8 dated, March 3, 2020 placing a toll on "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding" effective March 3, 2020. (Executive Order (A. Cuomo), No. 202.8). Subsequently, the March 3, 2020 toll as outlined in Executive Order 202.8 was thereby extended by further Executive Orders until November 3, 2020 as prescribed by Executive Order 202.67. Pursuant to Executive Order 202.67 dated, October 4, 2020 "[t]he suspension in Executive Order 202.8, as modified and extended in subsequent Executive

Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding… is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such date any such time limit will no longer be tolled." (Executive Order (A. Cuomo) No. 202.67). Therefore, this action is timely as to defendants **WORKMEN'S CIRCLE MULTICARE CENTER, MICHAEL VITTI, M.D., MOHAMED MUSSA, M.D., LARISA SHPITALNIK, M.D. JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL**.

5.       Jurisdiction exists in this Court pursuant to 28 U.S.C. 1331, as this action arises under the Constitution, laws and treaties of the United States, including the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268, and the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, codified as amended at 42 U.S.C. 201 et. seq.

6.       As stated in 42 U.S.C. 233(g)(1)(A), at all times herein mentioned, the Federal Tort Claims Act is the exclusive remedy for injuries caused by all agents, servants and/or employees of the United States Department of Veteran Affairs, United States of America, VA NY Harbor Health Care System, VA NY Harbor Healthcare System – Manhattan, and James J. Peters Department of Veterans Affairs Medical Center – Bronx. At all times herein mentioned, said facility funded and/or operated by the defendants employed physicians, nurses, surgeons, podiatrists, interns, residents, physicians' assistants, student nurses, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

7.       The venue of this action is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district and are premised upon the fact that

the transactions and occurrences that form the basis of plaintiff's complaint took place in the County of Bronx, in the Southern District of the State of New York, as well as the fact that defendants Workmen's Circle Multicare Center is located in the Southern District in the State of New York.

### PARTIES

8.      At all times herein mentioned, plaintiff **FREDERICK FELICIEN** resided at 120 Benchly Place, Apt. 8F, Bronx, New York 10475.

9.      At all times herein mentioned, defendant **UNITED STATES OF AMERICA**, controlled, funded, managed, operated and/or owned health care facilities known as VA NY Harbor Healthcare System – Manhattan VA located at 423 East 23rd Street, New York, New York 10010, James J. Peters VA Medical Center – Bronx VA located at 130 W Kingsbridge Road, The Bronx, New York 10468 and other facilities that treated plaintiff. At all times herein mentioned, said facilities funded and/or operated by the defendant employed physicians, nurses, surgeons, interns, residents, physicians' assistants, student nurses and other personal over which it exercised control and supervision, with the right to employ and discharge such employees.

10.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, was a domestic not for profit corporation, organized and existing by virtue of the laws of the State of New York.

11.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, was the owner of a medical and nursing facility located at 3155 Grace Ave., The Bronx, New York 10469.

12.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, its agents, servants and/or employees were in charge of and controlled, supervised, operated, inspected, managed and maintained said medical and nursing facility.

13.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a resident and/or patient of defendant **WORKMEN'S CIRCLE MULTICARE CENTER**.

14.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnosis, care and treatment of plaintiff **FREDERICK FELICIEN** in **WORKMEN'S CIRCLE MULTICARE CENTER** were agents, servants and/or employees of **WORKMEN'S CIRCLE MULTICARE CENTER**.

15.     At all times herein mentioned, defendants **LARISA SHPITALNIK, M.D., MOHAMED MUSSA, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **WORKMEN'S CIRCLE MULTICARE CENTER**, and/or their agents, servants, employees and/or other personnel involved in the diagnosis, care and treatment of the plaintiff **FREDERICK FELICIEN**, and defendants **LARISA SHPITALNIK, M.D., MOHAMED MUSSA, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **WORKMEN'S CIRCLE MULTICARE CENTER**, were agents, servants and/or employees of each other with regard to the medical diagnosis, care and treatment rendered to the plaintiff **FREDERICK FELICIEN**.

16.     At all times herein mentioned, **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**, was a domestic not for profit corporation, organized and existing pursuant to the laws of the State of New York.

17.     At all times herein mentioned, **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**, was a federal hospital and/or clinic, funded by the Department of Health and Human Services, an agency of the defendant **UNITED STATES OF AMERICA**, and was within its mandate and authority.

18.     It was the duty of defendant, **UNITED STATES OF AMERICA**, to reasonably care for, treat and supervise its patients, including the plaintiff herein, who sought treatment at

or by **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**.

19.     At all times herein mentioned, **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**, was a non-profit, private entity receiving federal funds under section 330 of the Public Health Service Act (42 U.S.C. 254b(e)).

20.     At all times herein mentioned, **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**, and its employees were deemed eligible for Federal Tort Claims Act coverage and eligible to be deemed employees of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their office and employment.

21.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**.

22.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnosis, care and treatment of plaintiff **FREDERICK FELICIEN** were agents, servants and/or employees of defendant **JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX**.

23.     At all times herein mentioned, **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**, was a domestic not for profit corporation, organized and existing pursuant to the laws of the State of New York.

24.     At all times herein mentioned, **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**, was a federal hospital and/or clinic, funded by the Department of Health and Human Services, an agency of the defendant **UNITED STATES OF AMERICA**, and was within its mandate and authority.

25.     It was the duty of defendant, **UNITED STATES OF AMERICA**, to reasonably care for, treat and supervise its patients, including the plaintiff herein, who sought treatment at or by **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**.

26.     At all times herein mentioned, **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**, was a non-profit, private entity receiving federal funds under section 330 of the Public Health Service Act (42 U.S.C. 254b(e)).

27.     At all times herein mentioned, **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**, and its employees were deemed eligible for Federal Tort Claims Act coverage and eligible to be deemed employees of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their office and employment.

28.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**.

29.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnosis, care and treatment of plaintiff **FREDERICK FELICIEN** were agents, servants and/or employees of **VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN**.

30.     At all times herein mentioned, defendant **MICHAEL VITTI, M.D.**, was and is a physician duly licensed to practice medicine in the State of New York.

31.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of defendant **MICHAEL VITTI, M.D.**

32.     At all times herein mentioned, defendant **MICHAEL VITTI, M.D.,** was an agent, servant and/or employee of defendant **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL**.

33.     At all times herein mentioned, defendant **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** was the owner of a Hospital known as **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** located at 55 Palmer Avenue, Bronxville, New York 10708.

34.     At all times herein mentioned, defendant **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** controlled, managed, owned, operated and/or supervised the aforesaid Hospital.

35.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of defendant **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL**.

36.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of plaintiff **FREDERICK FELICIEN** were agents, servants and/or employees of defendant **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL**.

37.     At all times herein mentioned, defendant **MICHAEL VITTI, M.D.**, and/or his agents, servants and/or employees, were agents, servants and/or employees of **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** and **UNITED STATES OF AMERICA**.

38.     At all times herein mentioned, defendant **JOSEPH A. DELLOLIO, D.P.M.**, was and is a physician duly licensed to practice medicine in the State of New York.

39.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of defendant **JOSEPH A. DELLOLIO, D.P.M.**

40.     At all times herein mentioned, defendant **JOSEPH A. DELLOLIO, D.P.M.** was the owner of a podiatric clinic known as **JOSEPH A. DELLOLIO, D.P.M., P.C.** located at 4362 White Plains Road, The Bronx, New York 10466.

41.     At all times herein mentioned, defendant **JOSEPH A. DELLOLIO, D.P.M.** controlled, managed, owned, operated and/or supervised the aforesaid clinic.

42.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of defendant **JOSEPH A. DELLOLIO, D.P.M., P.C.**

43.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of plaintiff **FREDERICK FELICIEN** were agents, servants and/or employees of defendant **JOSEPH A. DELLOLIO, D.P.M., P.C.**

44.     At all times herein mentioned, defendant **JOSEPH A. DELLOLIO, D.P.M.**, and/or his agents, servants and/or employees, were agents, servants and/or employees of **JOSEPH A. DELLOLIO, D.P.M., P.C.** and **UNITED STATES OF AMERICA**.

45.     At all times herein mentioned, defendant **LARISA SHPITALNIK, M.D.**, was and is a physician duly licensed to practice medicine in the State of New York.

46.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of defendant **LARISA SHPITALNIK, M.D.**

47.     At all times herein mentioned, defendant **LARISA SHPITALNICK, M.D.**, and/or her agents, servants and/or employees, were agents, servants and/or employees of **WORKMEN'S CIRCLE MULTICARE CENTER** and/or **UNITED STATES OF AMERICA**.

48.     At all times herein mentioned, defendant **MOHAMED MUSSA, M.D.**, was and is a resident physician duly licensed to practice medicine in the State of New York.

49.     At all times herein mentioned, plaintiff **FREDERICK FELICIEN** was a patient of defendant **MOHAMED MUSSA, M.D.**

50.     At all times herein mentioned, defendant **MOHAMED MUSSA, M.D.**, and/or his agents, servants and/or employees, were agents, servants and/or employees of **WORKMEN'S CIRCLE MULTICARE CENTER** and/or **UNITED STATES OF AMERICA**.

51.     At all times herein mentioned, defendants **MICHAEL VITTI, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C. and MOHAMED MUSSA, M.D.**, and other doctors, nurses, residents, medical personnel and staff at defendants **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL, JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – BRONX, VA NY HARBOR HEALTHCARE SYSTEM – MANHATTAN** and **WORKMEN'S CIRCLE MULTICARE CENTER** were agents, servants and/or employees of each other regarding their care, treatment and diagnosis for plaintiff **FREDERICK FELICIEN**.

52.     At all times herein mentioned, defendants **UNITED STATES OF AMERICA, WORKMEN'S CIRCLE MULTICARE CENTER, NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL, MICHAEL VITTI, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **MOHAMED MUSSA, M.D.** were partners in the practice of medicine with respect to the medical care, treatment and diagnosis for plaintiff **FREDERICK FELICIEN**.

53.     At all times herein mentioned, all of the physicians, residents, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff **FREDERICK FELICIEN** were agents, servants and/or employees of each other with regard to the medical diagnosis, care and treatment rendered to the plaintiff **FREDERICK FELICIEN**.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR NEGLIGENCE AND/OR MEDICAL MALPRACTICE

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 53., inclusive, with the same force and effect as if hereafter set forth at length.

55.     Beginning on or about January 24, 2018 and continuing thereafter through a continuous course of treatment to and including on or about March 30, 2018, plaintiff **FREDERICK FELICIEN** was a patient of defendants **MICHAEL VITTI, M.D., UNITED STATES OF AMERICA, WORKMEN'S CIRCLE MULTICARE CENTER, NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL, MICHAEL VITTI, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **MOHAMEN MUSSA, M.D.**, and beginning on or about March 6, 2018 and continuing thereafter through a continuous course of treatment to and including on or about March 20, 2018, plaintiff **FREDERICK FELICIEN** was admitted to defendant **WORKMEN'S CIRCLE MULTICARE CENTER** and was a patient and came under the medical care, diagnosis and treatment of defendants **UNITED STATES OF AMERICA and MICHAEL VITTI, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **MOHAMED MUSSA, M.D.**, and/or their agents, servants and/or employees, and beginning on or about March 16, 2018 and continuing thereafter through a continuous course of treatment to and including on or about March 30, 2018, plaintiff **FREDERICK FELICIEN** was admitted to defendant **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL**,  and was a patient and came under the medical care, diagnosis and treatment of defendant **MICHAEL VITTI, M.D.** and/or their agents, servants and/or employees, and plaintiff **FREDERICK FELICIEN** was under the medical care, diagnoses and treatment of defendants **UNITED STATES OF AMERICA, WORKMEN'S CIRCLE MULTICARE CENTER, NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL, MICHAEL VITTI, M.D., LARISA SHPITALNIK, M.D., JOSEPH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C.** and **MOHAMED MUSSA, M.D.**, and/or their agents, servants and/or employees, and during this time, the defendants improperly performed surgery, improperly managed post-operative care of

plaintiff's leg which resulted in the loss and amputation of Plaintiff **FREDERICK FELICIEN'S** leg, including, but not limited to, in failing to render timely and/or proper post-operative care, in failing to render timey and/or proper podiatric care, in failing to timely and/or properly diagnose and/or treat infection, in failing to timely and/or properly diagnose and/or treat necrotic infection, in failing to timely and/or properly diagnose and/or treat infectious gangrene, in failing to timely and/or properly diagnose and/or treat atherosclerosis, in failing to timely and/or properly diagnose and/or treat chronic ulcer, in failing to timely and/or properly perform a vascular surgery, in improperly and prematurely discharging, in failing to timely and/or properly perform wound debridement, and other negligence, and as a result of the aforesaid negligence, plaintiff **FREDERICK FELICIEN**, sustained severe, serious and permanent injuries, including but not limited to atherosclerosis, hypertension, limited long distance ambulation, loss of leg and sequelae thereto, and other severe and serious and permanent injuries.

56.    Said occurrence was due to the carelessness and negligence of the defendants and/or their agents, servants and/or employees, in failing to render good and proper primary, vascular, podiatric, intra-operative, post-operative, surgical and/or medical care, and in failing to treat plaintiff **FREDERICK FELICIEN** in the accepted and proper medical manner and all without any fault or lack of care of the plaintiff.

57.    By reason of the foregoing carelessness and negligence of the defendants, their agents, servants and/or employees, plaintiff **FREDERICK FELICIEN** sustained severe and serious personal injuries, a severe shock to his nervous systems and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that plaintiff was confined to his bed, home and medical institutions as a result thereof, and was incapacitated

from attending to his regular activities, and there is was caused to be expended sum of money for the medical and hospital care on his behalf.

58.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

59.     This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR LACK OF INFORMED CONSENT**

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 59., inclusive, with the same force and effect as if hereafter set forth at length.

61.     The defendants failed to inform the plaintiff of the risks, hazards and alternatives connected with the procedures utilized and treatment rendered so that an informed consent could be given.

62.     That reasonable prudent persons in the plaintiff's position would not have undergone the procedures utilized and treatment rendered if they had been fully informed of the risks, hazards and alternatives connected with said procedures and treatments.

63.     The failure to adequately and fully inform plaintiff of the risks, hazards and alternatives of the procedures utilized and treatment rendered was a proximate cause of the injuries plaintiff sustained.

64.     That as a consequence of the foregoing there was no informed consent to the procedures utilized and treatment rendered to plaintiff.

65.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

66.     This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A THIRD CAUSE OF ACTION
## AS TO UNITED STATES OF AMERICA

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 66., inclusive, with the same force and effect as if hereafter set forth at length.

68.     Defendant, **UNITED STATES OF AMERICA** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiffs' care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of doctors, physicians, residents, physicians' assistants, nurses and other staff which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

69.     Had defendant, **UNITED STATES OF AMERICA** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

70.     Defendant, **UNITED STATES OF AMERICA** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

71.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

72.     This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A FOURTH CAUSE OF ACTION
AS TO WORKMEN'S CIRCLE MULTICARE CENTER**

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 72., inclusive, with the same force and effect as if hereafter set forth at length.

74.     Defendant, **WORKMEN'S CIRCLE MULTICARE CENTER** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiffs' care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of doctors, physicians, residents, physicians' assistants, nurses and other staff which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

75.     Had defendant, **WORKMEN'S CIRCLE MULTICARE CENTER** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

76.     Defendant, **WORKMEN'S CIRCLE MULTICARE CENTER** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

77.     The amount of damages sought exceed the jurisdiction of all lower courts which would otherwise have jurisdiction.

78.     This action falls within the exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A FIFTH CAUSE OF ACTION AS TO WORKMEN'S CIRCLE MULTICARE CENTER, PURSUANT TO HEALTH LAW §2801-d AND §2803-c**

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of complaint marked and designated 1. through 78., inclusive, with the same force and effect as if hereafter set forth at length.

80.     At all times herein mentioned, defendant **WORMEN'S CIRCLE MULTICARE CENTER**, is a residential health care facility as defined in New York Public Health Law § 2801(2).

81.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, owned, operated, controlled, managed and supervised a residential health care facility named **WORKMEN'S CIRCLE MULTICARE CENTER** located at 3155 Grace Avenue, The Bronx, New York 10469.

82.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, conducted business as a residential health care facility.

83.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, was and is a facility providing therein nursing care to sick, invalid, infirmed, disabled or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law § 2801(2).

84.    At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, was and is a residential health care facility as defined in New York Public Health Law § 2801-d.

85.    At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s residential health care facility was a facility subject to the provisions of New York Public Health Law § 2803-c.

86.    At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s residential health care facility was and is a facility subject to the rules and regulations set forth in 42 U.S.C. 1395(i) et seq., and 42 C.F.R. Part 483.

87.    That on or about March 6, 2018 to on or about March 20, 2018 plaintiff **FREDERICK FELICIEN** was admitted to and was a resident at defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s facility.

88.    At all times herein mentioned, during his residency, plaintiff **FREDERICK FELICIEN** was under the exclusive care, custody, control and/or management of defendant **WORKMEN'S CIRCLE MULTICARE CENTER.**

89.    At all times herein mentioned, during plaintiff **FREDERICK FELICIEN**'s stay at defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s residential healthcare facility, he developed numerous injuries caused by defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s negligence and violation of defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s contract with plaintiff **FREDERICK FELICIEN**, laws rules, statutes and/or ordinances without any negligence on the part of the plaintiff **FREDERICK FELICIEN**, which caused, contributed to, and/or resulted in his injuries.

90.    At all times herein mentioned, plaintiff **FREDERICK FELICIEN**'s injuries were substantially contributed to by the negligent acts and/or omissions of the defendant **WORKMEN'S CIRCLE MULTICARE CENTER** as well as the violation of the resident's

rights pursuant to New York Public Health Law § 2801-d and enumerated in New York Public Health Law § 2803-c.

91.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, had a statutorily mandated responsibility to provide plaintiff **FREDERICK FELICIEN** with the rights granted to nursing home residents by New York Public Health Law § 2801-d and enumerated in Public Health Law § 2803-c.

92.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s responsibilities and obligations to plaintiff **FREDERICK FELICIEN**, as outlined in Public Health Law § 2803-c, are nondelegable and defendant had direct and/or vicarious liability for violations, deprivations and infringements of such responsibilities and obligations by any person or entity under defendant's control, direct and/or indirect, including their employees, agents, consultants and/or independent contractors, whether in-house or outside entities, individuals, agencies, pools and/or caused by defendant's policies, whether written or unwritten, and/or common practices.

93.     At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, their agents, servants, employees, consultants and/or independent contractors deprived plaintiff **FREDERICK FELICIEN** of the rights granted to him pursuant to Public Health Law § 2801-d and as enumerated in Public Health Law § 2803-c.

94.     At all times herein mentioned, the acts and/or omissions committed by employees and/or agents of defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, were pervasive events that occurred and continued throughout plaintiff **FREDERICK FELICIEN**'s residency and were such that supervisors, administrators and/or managing agents of defendant should have been aware of them.

95.     At all times herein mentioned, in addition to the damages suffered by plaintiff **FREDERICK FELICIEN** as the result of defendant **WORKMEN'S CIRCLE**

**MULTICARE CENTER**'s deprivation of his rights as a nursing home resident, plaintiff **FREDERICK FELICIEN** is entitled to recovery of compensatory damages pursuant to Public Health Law § 2801-d, attorneys' fees pursuant to Public Health Law § 2801-d(6), punitive damages pursuant to Public Health law § 2801-d(2) and costs.

96.     At all times herein mentioned, as a result of the foregoing acts and/or omissions, plaintiff **FREDERICK FELICIEN** was denied his rights under Public Health Law § 2801-d, and as enumerated in Public Health Law § 2803-c, and such denial caused injury.

97.     That by reason of the foregoing, plaintiff **FREDERICK FELICIEN** was forced to undergo medical treatment, incurred medical expenses, suffered disfigurement, disability, pain and suffering, injury, mental anguish, loss of enjoyment of life, loss of dignity, shock, and terror.

98.     At all times herein mentioned, as a result of the foregoing, plaintiff **FREDERICK FELICIEN** was damaged in a sum which exceeds the jurisdictional limits of all lower Courts, as well as punitive damages pursuant to Public Health Law § 2801-d(2), attorneys' fees pursuant to Public Health Law § 2801-d(6) and costs.

99.     This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AS TO WORKMEN'S CIRCLE MULTICARE CENTER FOR NEGLIGENCE**

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 99., inclusive, with the same force and effect as if hereafter set forth at length.

101.    At all times herein mentioned defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, owed a duty to plaintiff **FREDERICK FELICIEN** to protect his nursing home resident's right pursuant to Public Health Law § 2801-d and as enumerated in Public Health Law § 2803-c.

102.    At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, owed a duty to plaintiff **FREDERICK FELICIEN** to hire, retain, train and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to plaintiff **FREDERICK FELICIEN** in a reasonably safe and beneficial manner.

103.    At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, had a statutory obligation to protect the nursing home resident's rights of plaintiff **FREDERICK FELICIEN** as set forth in Public Health Law § 2803-c and to provide reasonable care under the circumstances.

104.    At all times herein mentioned, defendant **WORKMEN'S CIRCLE MULTICARE CENTER**, negligently breached their duties owed to plaintiff **FREDERICK FELICIEN** by statute and common-law.

105.    At all times herein mentioned, as a result of the foregoing acts and/or omissions, plaintiff **FREDERICK FELICIEN** was subject to defendant **WORKMEN'S CIRCLE MULTICARE CENTER**'s negligence, causing plaintiff to be forced to undergo medical treatment, incur medical expenses, disability, pain and suffering, mental anguish, loss of enjoyment of life, and loss of dignity.

106.    At all times herein mentioned, as a result of the foregoing, plaintiff **FREDERICK FELICIEN** was damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

107.    This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AS TO NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 107., inclusive, with the same force and effect as if hereafter set forth at length.

109.    Defendant, **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiffs' care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of doctors, physicians, residents, physicians' assistants, nurses and other staff which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

110.    Had defendant, **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

111.    Defendant, **NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

112.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

113.    This action falls within exceptions to Article 16 of the C.P.L.R.

**WHEREFORE**, plaintiff **FREDERICK FELICIEN**, by his attorneys, MERSON LAW, PLLC, hereby demand judgment against the defendants in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) compensatory damages for plaintiff FREDERICK FELICIEN, together with the costs and disbursements of this action and the interest imposed thereon, and any other relief that this Court deems just and proper.

Dated: New York, New York
          December 14, 2020

                    MERSON LAW, PLLC

By: _____
                    Jordan K. Merson, Esq. (JM-7939)
                    *Attorney for Plaintiff*
                    950 Third Ave., 18th Floor
                    New York, New York 10022
                    (212) 603-9100
                    jmerson@mersonlaw.com

TO:
UNITED STATES OF AMERICA
86 Chambers Street
New York, NY 10007

WORKMEN'S CIRCLE MULTICARE CENTER
3155 Grace Ave.
Bronx, NY 10469

MICHAEL VITTI, M.D.
1 Carriage Hill Rd.
White Plains, NY 10604

MOHAMED MUSSA, M.D.
20 Hammond Pond Pkwy., Apt. 305
Chestnut Hill, MA 02467

LARISA SHPITALNIK, M.D.
2409 84th St., Apt. D2
Brooklyn, NY 11214

JOSEPH A. DELLOLIO, D.P.M.
12 Hartford Ln.
White Plains, NY 10603

JOSEPH A. DELLOLIO, D.P.M., P.C.
4362 White Plains Rd.
Bronx, NY 10466

NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL
55 Palmer Ave.
Bronxville, NY 10708