UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/28/2021
```

FREDERICK FELICIEN,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, WORKMEN'S CIRCLE MULTICARE CENTER, MICHAEL VITTI, M.D., MOHAMED MUSSA, M.D., LARISA SHPITALNIK, M.D., JOSPEH A. DELLOLIO, D.P.M., JOSEPH A. DELLOLIO, D.P.M., P.C., and NEW YORK PRESBYTERIAN LAWRENCE HOSPITAL,

                Defendants.

1:20-cv-10561-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a joint letter filed by the Government and Plaintiff Frederick Felicien [ECF No. 85] regarding the Government's request that the deposition of Plaintiff's retained expert, Dr. David A. Mayer, be reopened. The Court has reviewed the letter carefully. The deposition of Dr. David A. Mayer may be reopened on the limited grounds identified by the Government in the letter, and shall not exceed two hours.

The Court has also reviewed Plaintiff's Motion to Compel [ECF No. 71] ("Mot."), filed three days before the end of fact discovery. After a July 7, 2021 status conference, the Court entered a scheduling order setting the close of fact discovery for October 1, 2021. [ECF No. 63]. The scheduling order explicitly instructed the Parties that "any disputed involving discovery that require Court intervention must be raised with the Court sufficiently in advance to allow for a ruling *and responsive discovery* before the deadlines set out herein." *Id.* (emphasis added); *see also* Individual Rules ¶ 3.D ("[P]arties should seek relief with respect to discovery in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery

1

cutoff."). Plaintiff was plainly on notice that discovery disputes, including the motion to compel Plaintiff raised at the July 7, 2021 conference, should be filed in time for the Court to rule and any authorized discovery to be completed before close of discovery. Yet a joint status letter filed just two weeks before the close of discovery made no mention of any anticipated motions. [ECF No. 65]. Plaintiff nonetheless filed a Motion to Compel on September 29, 2021 under seal. Plaintiff's failure to heed the Court's instructions and warnings to bring any dispute to the Court's attention with enough time to rule on the request renders the motion untimely. ECF No. 63; Individual Rules ¶ 3.D ("If a party waits until near the close of discovery to raise an issue that could have been raised earlier, *the party is unlikely to be granted the relief that it seeks*, let alone more time for discovery.") (emphasis added); *Colon v. City of New York*, 2014 WL 4100607, at *2-3 (S.D.N.Y. Aug. 20, 2014) (collecting cases).

Further, the subject of the Motion to Compel, a litigation report prepared by a staff attorney to be sent to the Department of Veterans Affairs Deputy Chief Counsel, is in any event a privileged document. Plaintiff believes that the report contains the staff attorney's "settlement recommendation" which is "relevant to liability as well as damages," and are not subject to privilege as it was generated during "the claims review process." Mot. at 2-3.

The report is clearly subject to attorney client privilege, *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012), and is attorney work product. Fed. R. Civ. P. 26(b)(3)(A) (this Court must "protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."). Contrary to Plaintiff's assertions, privilege applies "to all stages of a case or proceeding," including the underlying administrative proceedings. Fed. R. Evid. 1101(c); *see also New York v. Wolf*, 2020 WL 2049187, at *4-6 (S.D.N.Y. Apr. 29,

2020) (discussing privilege in the administrative records context). The staff attorney's communications with Plaintiff's counsel regarding the status of settlement do not waive the privilege held by the Department of Veterans Affairs. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) (the "power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.").

Plaintiff's Motion to Compel [ECF No. 71] is therefore denied.

**SO ORDERED.**

Date: **December 28, 2021**
**New York, NY**

/s/ Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
**United States District Judge**